IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAYMOND H. GRIFFIN,<br><br>   Plaintiff,<br><br>   v.<br><br>GMAC COMMERCIAL FINANCE, L.L.C.,<br><br>   Defendant. | CIVIL ACTION FILE<br><br>NO. 1:05-CV-199-WBH-GGB |

**ORDER REGARDING ARBITRATION**

This employment discrimination action is before the court on plaintiff's Motion for Additional Extension of Time to File Dispositive Motion, and for Leave to File Summary Judgment Brief in Excess of 25 Pages [Doc. 80], and on defendant's Motion to Prohibit Arbitration [Doc. 81]. For reasons stated below, plaintiff's motion [Doc. 80] is **GRANTED in part and DENIED in part**, and defendant's motion [Doc. 81] is **DENIED**.

I.   PLAINTIFF'S MOTION TO EXTEND TIME

Plaintiff seeks two forms of relief: (1) an extension of time to file dispositive motions until 20 days after this court's order on plaintiff's Motion to Strike Answer;

and (2) permission to exceed the page limitation for briefs by 20 pages. Defendant does not oppose plaintiff's first request, but contends that an additional 20 pages (totaling 45) for plaintiff's brief is excessive. (Doc. 79, Def. Brf.). Defendant suggests that the briefs of both parties be limited to 35 pages. (Id. at 2).

This court entered an order on plaintiff's Motion to Strike Answer on February 15, 2007. Under plaintiff's proposal, dispositive motions would be due by February 28, 2007. Because of delays in resolving the numerous motions filed in this case, the court will grant plaintiff's request *and* allow the parties an additional week, until March 7, 2007, to file dispositive motions.

Regarding the length of the parties' briefs, the court agrees with defendant that 35 pages is sufficient. Accordingly, plaintiff's request for a 20 page increase is denied.

In conclusion, plaintiff's Motion for Additional Extension of Time to File Dispositive Motion, and for Leave to File Summary Judgment Brief in Excess of 25 Pages [Doc. 80] is **GRANTED in part and DENIED in part**. Dispositive motions are due by March 7, 2007. The accompanying briefs (and responses) may be up to 35 pages in length.

II.    DEFENDANT'S MOTION TO PROHIBIT ARBITRATION

    A.    Background

On July 18, 2006, the undersigned entered an order denying in part and granting in part plaintiff's motion to amend his complaint. (Doc. 49). The court refused to allow plaintiff to add several state law claims related to his employment contract with defendant. In reaching this conclusion, the court applied Georgia law and found that the claims would be futile due to their lack of merit. (See id. at 8-18).

Thereafter, plaintiff filed a motion for reconsideration, in which he argued, among other things, that Michigan law should be applied. (Doc. 52). On August 4, 2006, the court entered an order discussing plaintiff's argument, but denying his motion for reconsideration. (Doc. 56). The court assumed, without finding, that Michigan law should be applied to at least two of plaintiff's claims. (Id. at 3). With respect to those claims, the court concluded that an arbitration clause in plaintiff's employment contract required that they be submitted to arbitration. (Id. at 4-6). Notably, at the time of the court's order, defendant had not filed a response to plaintiff's motion and therefore had not asked that arbitration be compelled. The court addressed the issue because plaintiff had raised it in his own brief. In a footnote, the court stated:

> The court recognizes that defendant is still entitled to waive the arbitration provision, but assumes that defendant would not want to do so. If defendant would like to waive the provision, it should so notify the court *forthwith.*

(Doc. 56 at 6 n.1)(emphasis added). Defendant did not notify the court that it wished to waive arbitration until January 17, 2007, when it filed the instant motion. In the interim, plaintiff initiated arbitration proceedings with respect to his contract claims.

Defendant asks the court to prohibit plaintiff from continuing with arbitration, arguing that he has waived his right to arbitrate by first pursuing his claims in this court. (Doc. 81). Specifically, defendant asks the court to "find as a matter of fact and law that Plaintiff has waived [his] right to arbitrate and prohibit Plaintiff from pursuing these claims in arbitration." (Id. at 8).

B. Discussion

An injunction is "[a] court order commanding or preventing an action." Black's Law Dictionary 788 (7th ed. 1999). Although defendant does not describe the relief it requests as an "injunction," an order prohibiting plaintiff from pursuing arbitration plainly falls into this category. This court's authority to issue injunctions is limited by the Constitution and statutory grants of power. See Kokkonen v. Guardian Life Ins.

4

Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)("Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute").  For reasons discussed below, the court finds that, under the circumstances of this case, it does not have authority to issue the requested injunction.

### a. Statutory Injunction

Three types of injunctions may be issued by federal courts.  See Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004).  They are: (1) "traditional" injunctions, (2) statutory injunctions, and (3) injunctions issued under the All Writs Act, 28 U.S.C. § 1651(a).  See Klay, 376 F.3d at 1097-99.  A statutory injunction is available only "where a statute bans certain conduct or establishes certain rights, then specifies that a court may grant an injunction to enforce the statute."  Klay at 1098. "[T]he standards for granting statutorily-authorized injunctions are necessarily controlled by the statute itself."  Id.

The only statute on which defendant could possibly rely is the Federal Arbitration Act ("FAA").  That act allows for orders *compelling* arbitration, but says

nothing about orders *prohibiting* it.  See 9 U.S.C.A. §§ 3, 4.[1]  Because the FAA does not specifically permit orders prohibiting arbitration, the court finds that defendant is not entitled to a statutory injunction.  See Klay at 1098.

   b. Traditional Injunction

A "traditional" injunction is the type of injunction with which lawyers are most familiar.  It permits a temporary (or permanent) injunction where (1) the movant has

---

[1] Section 3 states:  "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Section 4 states, in relevant part:  "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate . . . may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed . . . .  The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. . . . If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof."

6

a substantial likelihood of (or actual) success on the merits of the underlying claim; (2) irreparable injury will result absent the injunction; (3) the threatened injury outweighs whatever damage the injunction may cause; and (4) the injunction would not have an adverse impact on the public interest. Klay at 1097.

> As the first factor makes clear, any motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits. There is no such thing as a suit for a traditional injunction in the abstract.

Id. at 1097. Here, defendant's proposed injunction is not predicated on any cause of action. Put differently, if issued, the proposed injunction would have no impact on the *merits* of plaintiff's claims (those before the court, as well as those before the arbitrator). Furthermore, even if defendant had attempted to bring a claim of its own for "wrongful arbitration," no such cause of action exists. Id. at 1098. Accordingly, a traditional injunction is not available for defendant.

### c. All Writs Act

The only remaining option is an injunction issued pursuant to the All Writs Act. That Act permits courts to "issue all writs necessary or appropriate in aid of their . . .

7

jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Unlike a traditional injunction, an injunction under the All Writs Act is not predicated on a cause of action. Klay, 376 F.3d at 1100. Rather, the movant "must simply point to some ongoing proceeding, or some past order or judgment [of the court], the integrity of which is being threatened by someone else's action or behavior." Id.

Plaintiff's pursuit of arbitration does not, by itself, threaten the integrity of proceedings before this court. "The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under [the All Writs Act]." Klay at 1102-03. For this reason, "the potential *res judicata* effect that the arbitration of arbitrable claims could have on a pending *in personam* federal case does not in itself permit a federal court to enjoin such arbitration." Id. at 1111.

Nonetheless, a district court may enjoin proceedings in a different forum when it "is seeking to protect the integrity or enforceability of *existing* judgments or orders, rather than its ability to prospectively issue one in a pending case." Klay at 1104 (emphasis added). The only relevant existing orders in this case are those issued by the court on July 18 and August 4, 2006, regarding plaintiff's motion to amend his complaint. (Docs. 49, 56).

8

Neither of these orders made a *dispositive ruling* with respect to the *merits* of plaintiff's proposed claims. The court merely held that plaintiff could not amend his complaint to include them. The claims themselves have never been ruled upon. Cf. Klay at 1107 (noting that a claim dropped through an amended complaint, under Fed.R.Civ.P. 15, is dismissed without prejudice). Furthermore, the order did not prohibit either party from pursuing arbitration. Cf. Klay at 1112 (finding that an order denying a motion to compel arbitration of nonarbitrable claims "did not purport to prohibit arbitration of those claims; instead, it merely rendered any such arbitration a legal nullity").[2] Accordingly, the court finds that the integrity of its prior orders is not threatened by plaintiff's pursuit of arbitration, making the All Writs Act inapplicable.

  d.  Who Decides Waiver?

---

[2]In Klay, the defendants initially moved for an order compelling arbitration of the plaintiffs' claims, which the district court granted in part and denied in part. Id., 376 F.3d at 1095. The defendants then began arbitration proceedings against the plaintiffs on *all* claims. In response, the plaintiffs' filed a notice in district court purporting to dismiss the claims found arbitrable by the court, along with a motion seeking an injunction prohibiting the defendants from pursuing arbitration with respect to all of the claims. Id. The Court of Appeals for the Eleventh Circuit concluded that the plaintiffs were not entitled to an injunction for reasons similar to those discussed in this order.

A this point, defendant could object by pointing out that it has not argued that plaintiff's claims are barred by *res judicata*, but rather that plaintiff has waived his right to arbitrate the claims.  Whether plaintiff has done so is not an issue this court may resolve.  "[P]rocedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide.  So, too, the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability."  Howsam v. Dean Witter Reynolds, 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002)(internal citations, quotation marks and brackets omitted).  "[A] court is empowered only to determine the 'substantive' issue of arbitrability – that is, whether a particular dispute falls within the scope of an arbitration clause – and the necessary threshold question of whether that clause is enforceable."  Klay, 376 F.3d at 1109.  Once claims are "deemed to be within the scope of the arbitration clause, all further determinations concerning their arbitrability [are] for the arbitrators."  Id.  See also National American. Ins. Co. v. Transamerica Occidental Life Ins. Co., 328 F.3d 462, 466 (8th Cir. 2003)(relying on Howsam to find that a question of waiver based on pursuit of litigation in state court must be decided by the arbitrator).

Nevertheless, defendant cites case law from the Eleventh Circuit in which the merits of waiver claims were decided. See Ivax Corp. v. B. Braun of America, Inc., 286 F.3d 1309, 1315-16 (11th Cir. 2002)(considering whether a motion to compel arbitration should have been granted based on litigation by the movant in state court); see also Morewitz v. West of Engl. Ship Owners Mut. Prot. & Indem. Ass'n, 62 F.3d 1356, 1366 (11th Cir. 1995)("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate."); S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990)("a party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate"). Furthermore, in Marie v. Allied Home Mort. Corp., 402 F.3d 1 (1st Cir. 2005), on which defendant also relies, the Court of Appeals for the First Circuit concluded that the Supreme Court's decision in Howsam, supra, did *not* preclude district courts from considering "whether an employer waives its contractual right to compel arbitration of a Title VII claim by not filing for arbitration when the employee initiates an EEOC complaint, but instead waiting and only moving to compel arbitration after the employee later files a civil claim in federal court." Marie, 402 F.3d at 3. The First Circuit concluded that "the

issue of waiver of the right to arbitrate due to inconsistent activity in another litigation forum remains an issue for the court even after . . . Howsam . . . ." Id.

These cases, however, are not in conflict with the court's findings in the instant matter because they involved motions to *compel* arbitration. As discussed above, the FAA specifically authorizes district courts to compel arbitration. Furthermore, district courts plainly have authority to make rulings affecting the disposition of claims pending before them. Cf. Klay, 376 F.3d at 1110 n.19 ("if a party makes a motion to compel arbitration under 9 U.S.C. § 4, a district court must determine if there exists a case or controversy in order for it to exercise its jurisdiction over the motion to compel"). With a motion to compel, the relevant issue is how the district court should dispose of claims that are legitimately before it and over which it has jurisdiction, *not* (as here) whether the district court should reach out and prohibit a different forum from resolving claims that are not before the district court. Stated differently, when a motion to compel arbitration is involved, the court's power to decide the issue derives both from its jurisdiction over the underlying claims and from authority granted by the FAA. Because this court does not have jurisdiction over the claims plaintiff is pursuing in arbitration and does not have authority under the FAA to interfere with that

12

proceeding, it also lacks power to determine whether plaintiff has waived arbitration.

For these reasons, defendant's Motion to Prohibit Arbitration [Doc. 81] is **DENIED**.

IT IS SO ORDERED, this 27th day of February, 2007.

                                           /s/ Gerrilyn G. Brill
                                       GERRILYN G. BRILL
                                       UNITED STATES MAGISTRATE JUDGE

T:\VII\GriffinArbitration.wpd

AO 72A
(Rev.8/82)